Great IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GREAT WEST CASUALTY COMPANY | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. __2:25-cv-00060____ |
| DAIRY DYNAMICS, L.L.C.; TONIE BALL, AS | § | |
| REPRESENTATIVE OF THE ESTATE OF | § | |
| JAMES KENT BALL, DECEASED; LEONARD | § | |
| GEORGE CAMPBELL; CLAUDIO BUSTILLOS | § | |

## PLAINTIFF GREAT WEST CASUALTY COMPANY'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff Great West Casualty Company, and files this its Original Complaint and asserts the following:

## I.
## PARTIES

1.      Plaintiff Great West Casualty Company ("Great West") is a corporation organized and existing under the laws of the State of Nebraska with its principal place of business in South Sioux City, Nebraska.

2.      Defendant Dairy Dynamics, L.L.C. ("Dairy Dynamics"), on information and belief, is an Illinois limited liability company with its principal place of business at 17820 Washington St., Union, Illinois, 61080. On information and belief, its managers and members are Jill Hilgenberg and Herbert James Sewell who are both individual citizens and residents of Illinois. Thus, Dairy Dynamics is a citizen of Illinois. Dairy Dynamics may be served by serving its registered agent Herbert James Sewell at 17820 Washington St., Union, Illinois 61080, or at 6412 Hamilton Rd., Huntley, Illinois 60142, or wherever he may be found.

3.      Defendant Tonie Ball as Representative of the Estate of James Kent Ball, deceased ("Ball") is an individual citizen and resident of Texas and may be served with summons at

her residence 5100 County Road L, Stratford, Sherman County, Texas 79084 or wherever she may be found.

4.      Defendant Leonard George Campbell ("Campbell"), on information and belief, is an individual citizen and resident of Texas, and may be served by serving him at his residence 14155 County Road 14, Perryton, Texas 79070, or 6200 FM 722, Dumas, Texas 79029, or wherever he may be found, or through is counsel of record.

5.      Defendant Claudio Bustillos ("Bustillos"), on information and belief, is an individual citizen and resident of Texas, and may be served by serving him at his residence 909 S. Fordham St., Perryton, Texas 79070, or wherever he may be found, or through his counsel of record.

## II.
## VENUE AND JURISDICTION

6.      There is complete diversity of citizenship among and between the parties to this civil action. Plaintiff Great West is a citizen of Nebraska. Defendants are citizens of Illinois and Texas.

7.      The amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000) as this lawsuit concerns questions of insurance coverage for an underlying wrongful death lawsuit in which Campbell and Bustillos allege bodily injury damages in excess of $1 Million. As such, jurisdiction in this judicial district exists pursuant to 28 U.S.C. §1332.

8.      Venue is proper in this District and Division because this coverage action concerns insurance coverage for an underlying personal injury lawsuit on file in Moore County, Texas state court in which Defendants Campbell and Bustillos seek damages from Defendants Dairy Dynamics and Ball related to an automobile accident occurring in Moore County, Texas.

Accordingly, venue in this judicial district and division is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to this lawsuit occurred in this judicial district and division.

### III.
### FACTS

**A.    The Great West Insurance Policy**

9.    Great West issued a commercial automobile insurance policy to Dairy Dynamics as named insured under policy number MCP54709F for the policy period of December 11, 2024 to December 11, 2025 (the "Great West Policy") (Attached as **Exhibit A**.) The Great West Policy affords $1 Million per accident of Commercial Automobile liability insurance coverage to Dairy Dynamics and "insureds" as defined in the policy pursuant to the terms of the Great West Policy's "Commercial Auto Coverage Part Illinois Motor Carrier Coverage Form".

10.    The Commercial Auto Coverage Part Declarations of the Great West policy, in "ITEM TWO: Schedule of Coverages and Covered 'Autos'" provides:

> This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos." "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Commercial Auto Coverage Part next to the name of the coverage.

11.    Below that provision, in the table showing the "COVERAGES" AND "COVERED AUTOS," the Declarations state that for "Covered Autos Liability" coverage, the covered autos are those defined by numerical symbols 67, 68, and 71.

12.    The Commercial Auto Coverage Part Illinois Motor Carrier Coverage Form of the Great West Policy, Section I-Covered Autos, A. Description of Covered Auto Designation Symbols, provides the following definitions of covered auto symbols 67, 68 and 71:

**67= SPECIFICALLY DESCRIBED AUTOS.** Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage, any "trailers" you do not own while connected to any power unit described in Item Three.

**68= HIRED AUTOS ONLY**. Only those trucks and tractors you lease, hire, rent or borrow for 30 days or less and those "trailers" you lease, hire rent or borrow. This does not include any "private passenger type" "auto" you lease, hire, rent or borrow from any member of your household, any of your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or agents or members of their households.

**71= NON-OWNED AUTOS ONLY**. Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "private passenger type" "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households but only while used in your business.

13.     The Great West Policy's Commercial Auto Coverage Part Illinois Motor Carrier Coverage Form, Section II-Covered Autos Liability Coverage, A. Coverage provides:

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

**A.  COVERAGE**

We will pay sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

[Paragraph addressing "covered pollution cost or expense" coverage omitted]

\* \* \* \* \*

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply.

14.    Thus, the Great West Policy's Covered Autos Liability coverage only potentially affords a duty to defend or coverage to Dairy Dynamics or others qualifying as "insureds" under the policy when the lawsuit involves an "accident" that results from the ownership, maintenance or use of one of the covered "autos" meeting the definitions of symbol 67, 68, or 71.

15.    The Great West Policy also includes a federal DOT MCS-90 Endorsement imposing a surety payment obligation on Great West up to the federal motor carrier minimum limits of required financial responsibility with respect to any judgments entered against Dairy Dynamics for public liability to the extent required by Sections 29 and 30 of the Motor Carrier Act of 1980.

**B. The Accident and Underlying Lawsuit**

16.    On January 20, 2025, at approximately 12:53 p.m., James Kent Ball, a Dairy Dynamics employee, while operating a Dairy Dynamics-owned 2018 Toyota Tundra pickup (VIN No. 5TFRY5F18JX241097) ("the Toyota Tundra") eastbound on FM 281 approximately 4 miles west of Etter in Moore County, Texas, was involved in a collision with a 2005 Chevy Silverado pickup travelling westbound on FM 281 driven by Defendant Campbell in which Defendant Bustillos was riding as a passenger. The Dairy Dynamics employee, James Kent Ball, was killed in the accident, and Defendants Campbell and Bustillos sustained injuries. On information and belief, James Kent Ball was travelling to his home in the Toyota Tundra at the time of the accident because further work that day had been cancelled due to inclement weather.

17.    On February 12, 2025, Defendants Campbell and Bustillos filed a personal injury lawsuit in Moore County, Texas state district court against Dairy Dynamics and Ball styled

*Leonard George Campbell and Claudio Bustillos v. Dairy Dynamics, LLC and Toni Ball as Representative of the Estate of James Kent Ball,* Cause No. 25-09 in the 69th District Court of Moore County, Texas ("the Underlying Lawsuit") seeking damages for their injuries sustained in the accident. A true and correct copy of Plaintiff's Original Petition in the Underlying Lawsuit is **attached hereto as** **Exhibit B.**

18.     As shown by the Illinois vehicle title and registration record **attached hereto as** **Exhibit C,** Dairy Dynamics owned the Toyota Tundra.

19.     The Toyota Tundra is not one of the autos listed on the "Schedule of Autos" on the Great West Policy. Thus, it is not one of the Symbol 67 Specifically Described Autos that are covered autos on the policy.

20.     Dairy Dynamics owned the Toyota Tundra. Thus, it is not a truck or tractor that Dairy Dynamics had leased, hired, rented, or borrowed for thirty (30) days or less falling under the Symbol 68 Hired Autos Only covered autos definition.

21.     Dairy Dynamics owned the Toyota Tundra. Thus, it is not an auto that Dairy Dynamics does not own, lease, hire or borrow for purposes of the Symbol 71 Non-Owned Autos Only covered autos definition.

22.     On information and belief, because James Kent Ball drove the Toyota Tundra to and from his work for Dairy Dynamics, James Kent Ball insured the Toyota Tundra under his own personal automobile insurance policy issued to him by State Farm.

23.     The Toyota Tundra's "gross vehicle weight rating" was less than 10,001 pounds under 49 C.F.R. 387.3(c).

24.     The Toyota Tundra was not transporting any property in interstate commerce within the meaning of 49 C.F.R. 387.3 (a) and (b) at the time of the accident.

**IV.**
**REQUEST FOR DECLARATORY JUDGMENT**

25.    Great West incorporates by reference the preceding paragraphs in this Complaint.

26.    Great West brings this declaratory judgment action under 22 U.S.C. §2201 seeking a declaratory judgment that Great West has no duty to defend Dairy Dynamics or Ball in the Underlying Lawsuit and has no duty to indemnify Dairy Dynamics or Ball in connection with any judgment obtained against them by Campbell or Bustillos.

**A.    Count One-No Duty to Defend**

27.    Great West asserts and requests a declaratory judgment that it does not owe any duty to defend Dairy Dynamics or Ball under the policy in the Underlying Lawsuit because the Toyota Tundra is not a covered "auto" under the Great West Policy because it does not qualify as a Symbol 67, 68 or 71 covered auto as those symbols are defined in the policy.

**B.    Count Two-No Duty to Indemnify**

28.    Great West asserts and requests a declaratory judgment that, for the same reason it has no duty to defend—lack of any covered auto under the policy—it will never have any duty to indemnify Dairy Dynamics or Ball under the policy for any judgement obtained against them in the Underlying Lawsuit.

**C.    Count Three-The MCS-90 Endorsement Inapplicable**

29.    Great West asserts and requests a declaratory judgment that under *Canal Ins. Co. v. Coleman,* 625 F.3d 244, 249 (5th Cir. 2010), and *Canal Indem. Co. v. Williams Logging and* Tree *Services, Inc.,* 714 F. Supp.2d 654, 655-56 (S. D. Tex. 2010), and the terms of the MCS-90 endorsement and 49 C.F.R. 387.3, Great West's potential judgment surety obligation under the MCS-90 endorsement will never come into play with respect to the Underlying Lawsuit because the federal "financial responsibility" requirements imposed on federal motor

279a35a480a4f66f

carriers under Sections 29 and 30 of the Motor Carrier Act of 1980 do not apply to the Toyota Tundra because (a) it was not transporting any property in interstate commerce at the time of the accident, and (b) its "gross vehicle weight rating" was less than 10,001 lbs.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Great West Casualty Company prays that the Court enter declaratory judgment of no duty to defend and no indemnity coverage in favor of Great West as requested herein and that the Court award Great West its costs and such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

David J. Schubert—Attorney in Charge
State Bar No. 17820800
E-Mail: DSchubert@SchubertEvans.com
Stephen Burnett
State Bar No. 24006931
E-Mail: SBurnett@SchubertEvans.com

**Schubert & Evans, P.C.**
900 Jackson, Suite 630
Dallas, Texas 75202
Telephone: (214) 744-4400
Facsimile: (214) 744-4403

**ATTORNEYS FOR PLAINTIFF GREAT WEST CASUALTY COMPANY**