IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>DAIRY DYNAMICS, LLC,<br>TONIE BALL *as Representative of the Estate of James Kent Ball, Deceased*,<br>LEONARD GEORGE CAMPBELL,<br>*AND* CLAUDIO BUSTILLOS,<br><br>    Defendants. | 2:25-CV-060-Z-BR |

## NOTICE

Before the Court is the parties' Joint Motion to Dismiss ("Motion") (ECF No. 37), filed December 18, 2025. For the reasons below, the Court construes the Motion as a stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) *and* a notice of dismissal under Rule 41(a)(1)(A)(i). Together, the notice and stipulation of dismissal dismiss all claims as to all defendants.

Rule 41(a)(1)(A) provides two mechanisms for a plaintiff to voluntarily dismiss an action without a court order. FED. R. CIV. P. 41(a)(1)(A). Before the opposing party serves either an answer to the complaint or a motion for summary judgment, a plaintiff can unilaterally file a notice of dismissal. *Id.* 41(a)(1)(A)(i). After the opposing party has served either an answer or motion for summary judgment, they can be dismissed by "a stipulation of dismissal signed by all parties who have appeared." *Id.* 41(a)(1)(A)(ii). When there are multiple defendants, a notice or stipulation of dismissal can be used to dismiss all claims as to some defendants; it does not require dismissal of all claims against all defendants. *Williams v. Seidenbach*, 958 F.3d 341, 344–45 (5th Cir. 2020) (noting that Fifth Circuit precedent interprets

Rule 41(a) to allow plaintiffs to dismiss individual defendants); *see also* 9 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1356 (4th ed. 2025) (explaining that "the sounder view and the weight of judicial authority" support the Fifth Circuit's interpretation).

Here, the parties' Motion is a stipulation of dismissal signed by all parties except defendant Dairy Dynamics. ECF No. 37. Because Dairy Dynamics has not appeared, the document is a "stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A)(ii). The stipulation is effective to dismiss Plaintiff's claims against all signatory defendants. "Except in special circumstances . . . a voluntary order of dismissal requested by both parties is effective upon filing and does not require the approval of the court." *Ramming v. Nat. Gas Pipeline Co. of Am.*, 390 F.3d 366, 369 n.1 (5th Cir. 2004). Thus, an order of this Court "approving the dismissal is of no consequence." *Meinecke v. H & R Block of Hous.*, 66 F.3d 77, 82 (5th Cir. 1995); *see also Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 415–16 (5th Cir. 2018) ("A stipulation of dismissal . . . strips the district court of subject-matter jurisdiction.").

As to the remaining defendant, Dairy Dynamics, it has not served "either an answer or a motion for summary judgment," so Plaintiff can dismiss all claims against this defendant unilaterally. FED. R. CIV. P. 41(a)(1)(A)(i). Thus, the Court construes the Motion as a notice of dismissal under Rule 41(a)(1)(A)(i) as to Dairy Dynamics, dismissing Plaintiff's claims against that defendant. A voluntary dismissal of an action is "self-effectuating . . . no order or other action of the district court is required." *In re Amerijet Intern., Inc.*, 785 F.3d 967, 973 (5th Cir. 2015).

This Court has therefore "los[t] jurisdiction." *Id.* Accordingly, the Clerk of the Court is **DIRECTED** to close the case. Plaintiff is barred from refiling any claims or causes of action against Defendants at a later date arising from the facts of this suit.

The parties' Joint Motion to Dismiss (ECF No. 37) is **DENIED** as **MOOT**.

The Court issues notice accordingly.

December 29, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE